## John Berg & Co. et al., Plffs. in Err., v. Julia McClafferty et al.

A sale of a defendant's real property upon a writ of vend. ex., although made without a previous inquisition or waiver of one, may yet be sustained on the principle of estoppel. (Wray v. Miller, 20 Pa. 111, and Spragg v. Shriver, 25 Pa. 282, 64 Am. Dec. 698, followed.)

Where, in an action to recover back land sold on vend. ex. without an inquisition, there is evidence tending to show that the plaintiff has become estopped from raising the objection, to direct a verdict for defendant is error; the question of estoppel should be submitted to the jury.

(Decided January 4, 1886.)

Error to the Court of Common Pleas of Butler County to review a judgment for plaintiffs in ejectment. Reversed.

The facts were that, in 1857, a judgment was entered in

NOTE.—In Church of St Bartholomew v. Wood, 80 Pa. 219, real estate was sold on a fi. fa., a waiver having been made without authority. Held, that the corporation was estopped from recovering the property from a grantee of the sheriff's vendee. So, when waiver of inquisition was secured by fraud, and a sale was on writs of fi. fa., and no objection to the proceedings was made at time of sale, or notice given of alleged fraud, it was held that the owner was estopped. Jackson v. Morter, 82 Pa. 291. It was also held in Nass v. Vanswearingen, 10 Serg. & R. 144, that the heirs were estopped from denying the validity of the title of the sheriff's vendee, by their acquiescence, although the sale was void, being on a judgment against the executor de son tort of their father. But the delivery of a bank book containing an entry of deposits is not sufficient. Walsh's Appeal, 122 Pa. 177, 1 L. R. A. 535, 9 Am. St. Rep. 83, 15 Atl. 470.

favor of Wm. L. Speer against James and Edward McClafferty, which judgment was kept revived against James McClafferty until 1880, when property belonging to his estate was sold under a vend. ex. to John Berg & Company, the plaintiffs in error, to satisfy the judgment, and a deed duly acknowledged by the sheriff was delivered to them. Subsequently, the heirs of James McClafferty brought an action of ejectment to recover the premises, alleging that there had been neither an inquisition and condemnation of the premises, nor a waiver of such inquisition in writing, and that the sale was consequently void. Judgment having been entered upon a verdict in favor of plaintiffs, the defendants brought error.

*Lev. McQuistion & W. D. Brandon,* for plaintiffs in error.—An award of a vend. ex. may be treated as an adjudication that everything essential to such award has been done, for the writ is an order to sell; but there is no such adjudication where a sale is made under a fi. fa. Gardner v. Sisk, 54 Pa. 508.

A writ of vend. ex. is, in legal contemplation, issued by the court itself. It is the express command of the court to sell, is under its seal, and cannot be questioned or disobeyed by the sheriff. Crawford v. Boyer, 14 Pa. 384.

Where a sale had been made under a writ of vend. ex. without inquisition upon the land sold, and proceeds of sale had been applied to the defendant's debts, and he had surrendered the possession to the purchasers, the sale was good. Spragg v. Shriver, 25 Pa. 285, 64 Am. Dec. 698.

In Shields v. Miltenberger, 14 Pa. 81, where an inquisition was held upon the real estate of Miltenberger, but notice to defendant to accept premises at valuation was not given, for several months after holding the inquisition, sale was made upon a vend. ex., and the defendant set up that the sale was absolutely void. Judge Bell held that the sale of his land was, at most, voidable for the reason he now urges for rendering it wholly void; he was, therefore, bound to avoid it before the consummation of the sale by the acknowledgment of the sheriff's deed. His neglect to do so was a waiver through which the acknowledgment in open court operates to effectually conclude him. "Acquiescence always amounts to waiver, and acquiescence may be, and generally is, deduced from silence." If the defendant, in an execution, holds his peace, and at the appointed time

suffers the sale to be confirmed without objection, and the purchaser to pay the purchase money, to be applied to the payment of his debts, he is estopped from contesting, afterwards, the validity of the sale.   Mitchell v. Freedley, 10 Pa. 207.

*Charles McCandless* and *Thompson & Son,* for defendants in error.—The holding of an inquisition is a judicial act which cannot be performed by a deputy.   Haberstroh v. Toby, 9 Phila. 614; Klopp v. Breitenbach, 6 Legal Gazette, 89; Smuller v. Wilson, 1 Pearson (Pa.) 134.

The defendant in an execution is entitled to every chance and benefit the act gives him, and one is the inquisition.   His land may be extended on a rental not too great, or even the delay incident may enable him to save a valuable property which, were these obstacles out of the way, would be sacrificed to the creditor's demands.   A right so valuable and one so highly prized ought not to be taken away, without the clearest warrant. A sale without inquisition is void.   Baird v. Lent, 8 Watts, 422.

It is null and void, not because the court says so, but it is void because the statutes did not authorize it.   Neither the levy, nor sale, nor acknowledgment of the deed, nor the distribution of its proceeds, nor all these together, can cure a void sale.   Shoemaker v. Ballard, 15 Pa. 92; Wolf v. Payne, 35 Pa. 97; McLaughlin v. Shields, 12 Pa. 290; Gardner v. Sisk, 54 Pa. 506.

Since the act of 1836, defendant's waiver of the inquisition must be in writing.   Wray v. Miller, 20 Pa. 115.

Whatever may have been the effect given to the acknowledgment of the deed, payment of the purchase money, and its application to the defendant's debts, these cannot now supply inquisition or its waiver.   Zuver v. Clark, 14 W. N. C. 36, 104 Pa. 222; Gardner v. Sisk, 54 Pa. 506; St. Bartholomew's Church v. Wood, 61 Pa. 96.

This court has never said that a sale on either a vend. ex. or fi. fa., without inquisition, is good.   See Shoemaker v. Ballard, 15 Pa. 92; Heydrick v. Eaton, 2 Binn. 215; Huddy v. Jones, 5 W. N. C. 491.

OPINION BY MR. JUSTICE GREEN:

We certainly did decide, both in Wray v. Miller, 20 Pa. 111, and Spragg v. Shriver, 25 Pa. 282, 64 Am. Dec. 698, that a

valid sale of a defendant's real estate might be made upon a writ of vend. ex. against him without a previous inquisition and condemnation, or waiver of inquisition.

It was held in both of those cases that, where a sale was had upon a vend. ex. without waiver or condemnation, it was the duty of the defendant to appear and object within a reasonable time; and also that, even where he did appear and object, he might be estopped by circumstances from either impeaching the regularity of the proceedings, or subsequently attacking the title of the purchaser at sheriff's sale under the vend. ex. The circumstances which were held to amount to an estoppel were the assent of the defendant to the sale, his surrender of possession of the lands sold, the appropriation of the proceeds of sale to the payment of his debts. In Spragg v. Shriver, there was the additional fact that the defendant had induced the purchaser to buy the land sold under the writ. In both cases it was conceded that a sale upon a fi. fa. without a waiver or condemnation, is void; but that is because the act of 1836, which allows a sale upon a fi. fa., expressly requires the waiver to be in writing.

In the present case the sale was upon a vend. ex., and the evidence of a written waiver is not sufficient to establish that fact. But there was an abundance of facts proved, and offered to be proved, to raise the question of estoppel, if believed by the jury; and it was, therefore, error in the learned court below to give a binding instruction to the jury to find for the plaintiffs.

There was evidence that Daniel McClafferty, one of the plaintiffs, was present at the sale and assented to it.

There was also evidence that an auditor was appointed to distribute the proceeds of sale, and that the money was applied to the payment of judgments of James McClafferty, the defendant in the execution and the ancestor of the plaintiffs in this action.

A part of the money was also awarded to counsel for the administrator of the deceased ancestor and, therefore, in ease of the plaintiffs. It was also in evidence that no objection was made to the sale under the vend. ex. by any of the plaintiffs; that they, or some of them, knew of the payment of the purchase money by the purchasers, who are the defendants in this case; and that the possession of the land was voluntarily sur-

rendered to Berg & Company, the purchasers, and acquiesced in for about eighteen months before suit was brought.

We think these facts should have been submitted to the jury as tending to show an estoppel; and we therefore reverse the judgment on the third and fourth assignments.

Judgment reversed and *venire de novo* awarded.